```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/28/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
CHERISE COX                                                   :    Civil Action No.
                *Plaintiff.*                           :    1:20-cv-02096
                                                              :
      -against-                                          :    **ANSWER AND MOTION**
                                                              :    **TO DISMISS PURSUANT**
NEGRIL VILLAGE, INC., MARVA LAYNE,                            :    **TO F.R.C.P Rule 12**
Individually, and CARLTON HAYLE, individually                 :
                                                              :
                *Defendants*,                          :
-------------------------------------------------------------X

      Defendant NEGRIL VILLAGE, INC. ("Defendant Negril" or "Negril"), and Defendants MARVA LAYNEA and CARLTON HAYLE ("Defendants Layne & Hayle") hereinafter "defendants" , by their attorneys CARRION LAW GROUP, P.C., answering the complaining plaintiff, alleges as follows:

### I. ADMISSIONS AND DENIALS

**NATURE OF THE ACTION, PREREQUISITES, JURISDICTION AND VENUE**

      1. Defendants admit the allegations in paragraph "1" insofar as it describes the nature of the action as one brought under the various, federal, state, and local laws pertaining to unlawful discrimination, however, defendants expressly deny any wrongdoing.

      2. Defendant denies the allegations in paragraph "2," insomuch that there is no federal question present, as explained *infra*.

      3. Defendant admits the allegations in paragraphs "3" and "4", inasmuch as there is a viable federal question presented pursuant to 28 U.S.C. §1367.

      4. Defendant lacks sufficient information or knowledge to determine the truth of the allegations contained in paragraph "5, 6, and 7" but if an admission or denial is needed, defendant denies each and every allegation in those paragraphs.

## THE PARTIES

5. Defendant lacks sufficient information or knowledge to determine the truth of the allegations contained in paragraph "8 and 12."

6. Defendant admits the allegations contained in paragraphs "9, 10, 11 and 13."

## FACTUAL ALLEGATIONS

7. Defendant denies the allegations contained in paragraphs "14, 21-26, 31-45, and 48-50"

8. Defendant lacks sufficient information or knowledge to determine the truth of the allegations contained in paragraphs "27-30" and "46-47" but if an admission or denial is needed, defendant denies each and every allegation in those paragraphs.

9. Defendant admits the allegations in paragraphs "15 and 16."

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Violations of Title VII of the Civil Rights Act of 1964)

10. Defendant repeats and reiterates every response made herein in paragraphs "1-9."

11. Defendants respectfully move for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint, in part, for failure to state a claim upon which relief can be granted. Plaintiff commenced this action charging Defendants with various unlawful discriminatory acts based on Plaintiff's sex/gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), New York City, N.Y., Code § 8-107.

12. Specifically, Plaintiff has failed to allege that Defendants <u>Negril, Layne and Hayle</u> have violated any federal statute. In fact, Plaintiff alleges in their first cause of action that Defendants CARLOS and URBAN OUTFITTERS have engaged in conduct prohibited by

federal law. As such, there is no federal claim against the named defendants herein that can be heard in federal court.

## AS AND FOR THE SECOND CAUSE OF ACTION
### (Retaliation under Title VII)

13. Defendant repeats and reiterates every response made herein in paragraphs "1-12."

14. Defendants respectfully move for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's Complaint, in part, for failure to state a claim upon which relief can be granted. Plaintiff commenced this action charging Defendants with various unlawful discriminatory acts based on Plaintiff's sex/gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), New York City, N.Y., Code § 8-107.

15. Specifically, Plaintiff has failed to allege that Defendants Negril, Layne and Hayle have violated any federal statute. In fact, Plaintiff alleges in their second cause of action that Defendant CARLOS has engaged in conduct prohibited by federal law. As such, there is no federal claim against the named defendants herein that can be heard in federal court.

## AS AND FOR THE THIRD CAUSE OF ACTION
### (Discrimination under NY State Executive Law)

16. Defendant repeats and reiterates every response made herein in paragraphs "1-15."

17. In consideration of the aforementioned in response to Plaintiff's first and second causes of action, without a federal question, this court lacks ancillary or supplemental jurisdiction pursuant to 28 U.S.C. §1367.

18. As a result, any remaining claims, if any, fall under the providence of the courts of the State of New York.

## II. AFFIRMATIVE DEFENSES AND DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE
**(Failure to state a claim upon which relief can be granted - F.R.C.P. Rule 12(b)(6))**

19. Defendant repeats and reiterates every response made herein in paragraphs "1-18."

20. Defendant alleges that Plaintiff has not set forth a cognizable cause of action under federal law for which relief can be granted in this court.

21. Specifically, Plaintiff has failed to allege that Defendants <u>Negril, Layne and Hayle</u> have violated any federal statute. In fact, Plaintiff alleges in their first cause of action that Defendants CARLOS and URBAN OUTFITTERS have engaged in conduct prohibited by federal law. And in their second cause of action that Defendant CARLOS engaged in prohibited conduct. As such, there is no federal claim against the named defendants herein that can be heard in federal court.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE
**(Lack of subject matter jurisdiction/supplemental jurisdiction - F.R.C.P. Rule 12(b)(2))**

22. Defendant repeats and reiterates every response made herein in paragraphs "1-21."

23. In consideration of Defendant's Affirmative Defenses, I, without a federal question, this court lacks ancillary or supplemental jurisdiction pursuant to 28 U.S.C. §1367.

24. As a result, any remaining claims, if any, fall under the providence of the courts of the State of New York.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE
**(No willful violation of Title VII or NY State and Local Law)**

25. Defendant repeats and reiterates every response made herein in paragraphs "1-24."

26. If it is determined that a violation of Title VII or NYS or Local Law occurred, such violations were not willful, outrageous, or even with the knowledge of defendants.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE
### (Good-faith effort to comply with Federal and State Law)

27. Defendant repeats and reiterates every response made herein in paragraphs "1-26."

28. At all times, Defendant has made good-faith efforts to comply with Federal, State, and Local Law. Plaintiff has not established or sufficiently pleaded any facts suggesting bad-faith or willful violations of law.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE
### (Heightened pleading standard – F.R.C.P. Rule 8(a)(2))

29. Defendant repeats and reiterates every response made herein in paragraphs "1-28."

30. Plaintiff has not pleaded facts sufficient to state a claim that is plausible on its face. In accordance with the United States Supreme Court's opinion in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice". *Id*., at 555.

31. Plaintiff has pleaded only the most barebones elements required to make out a claim and masked conclusory statements of law as actual fact.

32. As such, Plaintiff's complaint cannot be sustained as a matter of law and must be dismissed.

**WHEREFORE,** Defendant respectfully requests that Plaintiff's complaint be dismissed for the reasons set forth above and judgment be entered:

a. Denying Plaintiff's complaint in its entirety, with prejudice;

b. Awarding Defendant reasonable attorney's fees and costs connected to defending this action;

c. Allowing the submission of memoranda of law in support of Defendant's motion to dismiss pursuant to Rule 12, if this court decides that Plaintiff's complaint will stand at this stage of litigation;

d. Allowing the impleader of a third-party defendant pursuant to Rule 14;

e. Awarding such other and further relief as this court deems just and proper.

Dated: August 7, 2020
Brooklyn, NY

Respectfully submitted,

*Christopher A. Carrion, Esq.* (CC5279)
CARRION LAW GROUP, P.C.
Twenty-Six Court Street, Suite 313
Brooklyn, NY 11242
P: 212.271.3046
F: 212.271.3047
ccarrion@carrionlegal.com
*Attorneys for the Defendants*

Defendants' motion, to the extent it could even be deemed procedurally proper, is DENIED as moot in light of Plaintiff's filing of the First Amended Complaint.  No later than **September 17, 2020**, Defendants must **either** answer **or** move to dismiss the First Amended Complaint.  The Court also instructs the parties to participate in this District's mediation program, pursuant to Dkt. 13.

SO ORDERED.

08/28/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE