```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
CHERISE COX,                                                  :
                                                              :
                                        Plaintiff,            :
                                                              :
                    -against-                                 :    20-CV-2096 (VEC)
                                                              :
                                                              :    ORDER
NEGRIL VILLAGE, INC., MARVA LAYNE,                            :
INDIVIDUALLY, AND CARLTON HAYLE,                              :
INDIVIDUALLY,                                                 :
                                                              :
                                        Defendants.           :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 23, 2021, counsel for the parties notified the Court by phone that Defendants had failed to respond to any of Plaintiff's discovery demands and that defense counsel had been unable to contact his clients;

WHEREAS, per the Court's instructions, on April 2, 2021, Plaintiff filed a letter motion requesting that the Court issue an order compelling Defendants to comply with their discovery obligations (Dkt. 29);

WHEREAS on April 12, 2021, after not having received any response from Defendants to Plaintiff's letter motion, the Court ordered Defendants to respond not later than April 16, 2021, explaining Defendants' failure to respond to Plaintiff's discovery requests (Dkt. 30);

WHEREAS on April 20, 2021, after Defendants failed to respond to the Court's April 12, 2021 Order, the Court ordered Plaintiff to apply for a default judgment against Defendants (Dkt. 31);

WHEREAS on April 22, 2021, the Clerk of Court issued a Clerk's Certificate of Default as to all Defendants (Dkt. 34);

WHEREAS on May 21, 2021, the Court ordered Defendants to show cause on June 25, 2021, why default judgment should not be issued against Defendants, and set a briefing schedule on Plaintiff's motion for default judgment (Dkt. 44);

WHEREAS on June 11, 2021, Defendants responded in opposition to Plaintiff's application for default judgment (Dkts. 46–48);

WHEREAS defense counsel's affidavit states that he could not respond "in any meaningful way" to the Court's April 12, 2021 Order because he still had not been able to contact his clients (Dkt. 46);

WHEREAS defense counsel's affidavit further states that he has been in contact with his clients since April 20, 2021, at which point he learned that Defendant Hayle had suffered a significant medical event and that Defendant Layne has been operating as Mr. Hayle's caretaker in the intervening period;

WHEREAS defense counsel's affidavit further states that he has coordinated with Defendants to obtain the necessary documents to respond to Plaintiff's discovery requests and that Defendants will be in a position to respond within two weeks; and

WHEREAS in reply, Plaintiff rests on her initial papers and "defers to the Court's decision on how to proceed" (Dkt. 49);

IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 55(c), the Court finds that good cause exists to set aside the Clerk's April 22, 2021 Certificate of Default.

IT IS FURTHER ORDERED that defense counsel is warned to abide closely by this Court's orders and promptly notify the Court of any issues or developments in this case, and, where appropriate, request an adjournment from the Court rather than fail to respond to the Court's orders.  This entire default judgment process could have been avoided if defense counsel had promptly communicated to the Court, after speaking with his clients on April 20, 2021,

before the Clerk of Court had issued the Certificate of Default, that Defendants required an adjournment due to his client's health issues. If defense counsel engages in this type of conduct again, the Court may impose sanctions.

IT IS FURTHER ORDERED that the June 25, 2021, show-cause hearing is CANCELED.

IT IS FURTHER ORDERED that not later than **July 2, 2021**, the parties must meet and confer and submit to the Court an updated proposed schedule for discovery in this matter.

The Clerk of Court is respectfully requested to set aside the Certificate of Default at Dkt. 34.

**SO ORDERED.**

**Date: June 23, 2021**
**New York, NY**

        **VALERIE CAPRONI**
        **United States District Judge**